Good morning. I'm Stanley Greenberg. I represent Mr. Bailey. I'd like to take seven minutes, if I could, and save about three minutes for rebuttal. There are three points I'd like to emphasize. With brief framework, Mr. Bailey was accused and convicted of a securities violation, more specifically a violation of SEC Rule S.8, which says that small corporations such as owned by my client can distribute and sell shares of stock without going through the normal registration process in exchange for bona fide services. Counsel, help me on something that troubles me on your side of the case. If I've got this right, the defendant did not request an admonition when the prior SEC complaint was admitted into evidence, did not request an admonition during the opening statement, and did not request an admonition during the closing argument. Does that mean that you need plain error in failing to give admonitions that might have cured the harm, or is it a circumstance where the admonitions couldn't have accomplished anything? I want to make sure I know what you mean when you say admonition. Usually what I mean is usually when a lawyer says something that's highly prejudicial to the other side's case and that he should not have been permitted to say or would not have been permitted to say had it been known that he was going to say it, the other side requests an admonition and the judge tells the jury you should disregard that statement. Sometimes the judge even tells the jury why they should disregard the statement, that a complaint doesn't prove that the defendant did what the complaint alleged or something like that. I think the only way I can answer it is this. We litigated in advance the admissibility of this evidence. I did not know. I mean, the judge gave the standard instruction that the statements of counsel are not evidence, that you have to take the evidence from the stand. But I didn't know in advance that the prosecution was going to make the arguments he was making, but it was quite plain that it was contemplated within the judge's ruling, that the judge had allowed them to do that. Eliminate ruling allowing this SEC complaint made it pointless to ask for an admonition? Made it what? Pointless to ask for an admonition? Yes, given the way the judge ruled and what the offer was. I've got two questions for you. First of all, I think, you know, if the SEC complaint had been admitted to prove the facts alleged in the complaint, that would be one thing. But here, as I read it, it appears that it was admitted to show willfulness, which was an element of the crime. Is that wrong? No, it's not wrong. It was offered, according to the government's motion eliminating, to show that Mr. Bailey was, number one, aware of the S.A. rule, which was never a trial issue, and, number two, to show willfulness. The problem is it was offered under Rule 404B, which has to do with prior similar conduct or misconduct by the defendant. This is not the defendant's conduct. This is an unproven, uncharged, unverified complaint filed by the SEC. Again, it's evidence that he was aware of. But let's go to perhaps a more critical issue, and that is we review what the district judge did on the admission of evidence for abuse of discretion, do we not? You do, but may I add about? Okay. Let me finish my question, and then give me the answer, please. Looking at this on an abuse of discretion basis, we give the district judges a lot of discretion on admitting evidence. The key here, though, is isn't there overwhelming evidence of the defendant's guilt so that this would be harmless error, even if you're right? I don't believe so, and for this reason. First of all, you're right about the discretion, but you also examine the admissibility of whether it's 404B evidence de novo. I understand that. But, again, what I'm wrestling with is here you've got an abuse of discretion standard. But let's assume for a minute you're absolutely right. The district judge blew it. They shouldn't have admitted this even to show willfulness. But even if you assume that that was error, doesn't the harmless error standard apply here? And in that case, we evaluate the evidence that was put in and the totality of the case, and if we find that there was far more than enough evidence to prove basically the same kinds of things, it's kind of a no harm, no foul, isn't it? I don't agree with that for this reason. Okay. There was evidence. The government's key witness, Mr. Owens, basically said, and I'll simplify it for argument's sake, this was a sham. I provided no bona fide services. But there was quite a bit of evidence to the contrary, quite a bit of evidence to contradict him, and that's outlined in length in Appellant's opening brief at pages 28 to 32. Yeah, but there's always contrary evidence. The question is whether there was enough evidence that came in to prove each of the elements of the indictment and to show everything the government needed to, even if this document had not been admitted. Isn't that really the issue we're dealing with? I respectfully disagree. I would say, Your Honor, there was a prima facie case. There was sufficient evidence if the jury believed it. The question is whether he got a fair trial or whether this evidence was unfairly used. And, for example, it was used unfairly, we say, because the government treated this uncharged allegation by the government as proof that the defendant did it prior. And the judge has been aggravated. It's not just that they knew the rule. I'm sorry? I thought it was clear from the judge's remarks that the evidence was allowed only to show that they knew of what the rule was. Please say again. I'm sorry, I didn't hear you, Your Honor. I thought that the judge made it clear that the complaint could only be used to show knowledge by the defendant of what the SEC rule was. That's not quite clear for this reason. First of all, he gave a standard Ninth Circuit jury instruction, which covered all the purposes for which 404B evidence can be received. But more importantly, he really aggravated the situation by saying in that instruction, you have heard evidence the defendant committed other wrongs or acts not charged here. But that's not true. There was no evidence the defendant committed any other act. There was only an allegation by the SEC. The basic problem here is this isn't the defendant's conduct. It's the government's conduct. And that's what the government argued. Didn't your client repeatedly put his intent to commit the crime at issue here? Well, the defendant's intent to commit the crime is always an issue. You know what I'm saying? As long as that was the case, the filing of an SEC complaint on a virtually identical situation, does that show a willfulness? He knew about what this kind of crime, he knew that could be a crime. And he was willful. Doesn't that show that as opposed to that he had committed those prior acts? We all know, and the Supreme Court has said in Huddleston, that inferences regarding the defendant's mental state can be drawn from conduct. Right. The problem here is not the defendant's conduct. The government would have had a better case and probably a smarter case if they had moved this evidence in under Rule 803. Then you would have got an instruction that said something like this. Ladies and gentlemen, I've received in evidence this complaint filed by the SEC a year before. It's not being offered for the truth of it. It's never been proven. It's only being offered to show that Mr. Bailey was aware of the S8 rule and that's the only reason you can use it for. That would have made more sense. But it's not 404B evidence, and that's the problem. He didn't tell him that? No, he just gave a standard 404B instruction. Let me ask you about something else before we run out of time. You said that the knowledge of the rule which would control willfulness was not at issue. Now, not at issue can mean different things. Sometimes not at issue means it was so clearly established during the trial that, in closing argument, defendant focused on something else. Sometimes not at issue means it was stipulated to so that the defendant could not put it at issue. Frequently, though, the defendant leaves it open throughout the case what the defendant is going to put at issue to wait and see what sort of proofs the government has. In what way was knowledge of the rule not at issue in this case? What established that from the beginning when the government had to decide whether to try to get this in, this complaint, what established from the beginning that knowledge of the rule was not going to be at issue? There's a three-pronged answer to that, Your Honor. Number one, when we were litigating the admissibility of the evidence before trial, we told the judge this is not going to be at issue. We're not arguing they didn't know about it. The defendants clearly knew about it. Second of all, the evidence was overwhelming that the defendants knew of the S.A. rule, and it's overwhelming. Evidence becomes overwhelming at trial when the government fears that the defendant may put something at issue, so they pile on evidence so that the jury won't accept that there's a serious issue. So that really doesn't establish, from the government's point of view, deciding. The government goes first and decides what evidence to put in. And if they fail to prove something that is an element, then there's a motion for judgment and the case never gets to the jury. What let them know before they decided what evidence to put in other than your statement during the argument on the in limine motion? Anything else? Three things. One, we offered to stipulate that the defendants knew of the S.A. rule. In fact, that was what Judge Wright said. He said if you stipulate to this, I won't let it in. The government wouldn't do that. Number two, we told the judge in advance these defendants knew all about the rule. They studied it. He's under oath testifying that he's from the W.H. You actually offered a stipulation. Tell me if you happen to know it or have a yellow sticky on it, the page number. Because as I recall, we've got a case called Old Chief that bears on when a stipulation is offered. You're right. But Old Chief, I'm not sure really helps the situation. But in my memory of Old Chief, I may be wrong, Your Honor. As Old Chief says, you can't stipulate away the government's right to present its case. But in this case, Judge Wright did say if you stipulate, you know that the S.A. rule comes in. I'll look up that page number and try and get it for you before I leave. I think I can do that. But here it was offered to stipulate. We discussed it at length with the court in advance and told the court this is not going to be an issue because the defendants were under oath. Mr. Bailey was under oath, describing in great detail that he knew all about this rule. And, in fact, this was a big part of the government's closing argument. He said Mr. Bailey's own words prove he knows this rule as well as anybody in this courtroom. And he was right. And that's separate and apart from the complaint, the SEC complaint. I think we have your argument here, Mr. Greenberg. We might give you a little bit of rebuttal time because we've taken you over a little bit. But let's hear from the government now. Okay. May it please the Court. Steven Gorvitch on behalf of the United States. I'd like to start by addressing a point that Judge Kleinfeld raised in terms of whether knowledge was at issue, and then I'd like to turn to a point that Judge Smith raised in terms of the other reason to admit this, evidence of wilfulness. With respect to knowledge, knowledge was at issue. The defense counsel informed Judge Wright. Why? Judge, it was at issue for several reasons. First of all, defense counsel informed Judge Wright, excerpts of record page 13 and 14, that he would say in opening statement that his clients do not, or rather his client does not contest knowledge. There was no unequivocal statement in the opening statement to that point. But it gets back to a point, Judge Kleinfeld, that you raised, which is. Well, by the time opening statements were given, is it true that the government had rejected a proposed stipulation to concede knowledge? What I can tell you, I was actually not the trial assistant. I don't care who's the trial lawyer. But I can tell the Court. I just care it's the government doing the prosecution. My understanding from having had a conversation with the trial assistant before coming is that there was discussion of stipulation, but Mr. Greenberg would not stipulate to the point that Judge Smith raised in terms of wilfulness. Could you refer me to the pages in the record that show the existence and details of the conversation that you're representing? There is nothing in the record, and that's my point, Your Honor. Does the record establish that a stipulation was offered? No. The record merely states, Mr. Greenberg merely stated that he intended to talk to the government about a stipulation. There are no further conversations in the record, to the best of my recollection. If I'm not right, counsel, the question was asked whether he knew the rule and knew its contents, and he said yes very well. And that gets to Judge Smith's point about the additional reason, because knowledge is not enough. It was not enough for the government to prove knowledge of the rule. The government also had to prove willfulness, that the defendant acted intentionally and that the defendant knew that his conduct was wrongful. Well, now, here a complaint was filed by the government. He never conceded that he had done anything wrong, refused to stipulate to that. The case was settled. He testified, or in this dismissal, that there never was any guilt on his part. And the complaint was dismissed on the basis that he had done nothing wrong. I think the issue gets to knowledge of what you're doing is wrong. I've thought a lot about this point of whether knowing about the rule is enough. I think the answer to that is no, because the government also had to prove that he knew it was wrong. For example, we don't know what the defense would have been if this complaint had not been introduced. But I can think of several potential defenses. One, the evidence does not foreclose the possibility that the defendant knew about the rule but forgot about it. The evidence does not foreclose the possibility that the defendant knew about the rule but misunderstood the application. Counsel, at page 13, line 20, I notice that Mr. Greenberg says, we have stipulated to it. And I can't find anything that says where the government says, no, that's not true, they haven't. Your Honor, I can't point to anything in the record either. All you can point to is a chat with somebody else who says that somebody else talked to him? Yes, Your Honor. That's not in the record? That's correct, Your Honor. I was really struck by the potential prejudice, particularly when there was a big picture of a stop sign, like a jury's never seen a stop sign and they need the government to give them a picture of a stop sign. It looks like much of the focus of the government's case was on how they had proved that the defendant knew of Rule S.8 and that was a big stop sign against doing anything like this. And I had not really focused on it in my own mind, but the point and argument that the Rule 404 instruction tells the jury that other crimes or wrongs have been proved, which kind of emphasizes the prejudice. I would note, Your Honor, that there was no objection to the jury instruction in this issue. It was not raised below. There was no objection during the closing argument. In fact, the prosecutor bookmarked the relevant sections in the closing argument by explaining exactly how he was using the evidence to prove willfulness. And that's really the point here, is that this goes to willfulness. Even if there was no dispute as to knowledge of the rule, it's knowing that the rule was wrong. Knowing that the rule was not a mere technicality. No, no. That's wrong. It's not knowing that the rule was wrong. It doesn't matter if the rule is right or wrong. Government has a lot of rules. Some of them are bad ideas. But if you know of the rule and you violate it with knowledge of the rule, that's willfulness. So I'm not following why you think there's a big gap you had to fill between knowledge and willfulness. I would make the analogy between – I would respond to that in two points. First, I would make the analogy between laws that are on the books that are not enforced. Many people would say that it's not wrong to commit that conduct. The second point that I'd like to address, Your Honor. There's nothing like that in this case. Well, and that actually gets to my second point, is that this is an SEC rule. Like the law against adultery, say. Well, that is actually my first point, Your Honor. Most people know that there's a law against adultery on the books, and most people know that it's not enforced. But there's no suggestion here that most people know that Rule S. 8 is not enforced. Well, my point, though, is that there is a difference between a technical SEC rule in terms of a corporate transaction, in terms of how stocks should be registered, and actually violating the law. And the government, it still was the government's burden to prove that the defendant knew that this was not a mere technicality, not a mere guideline. It's a mere technicality. It's a mere technicality. It's against the law. I'm not following what you're trying to show now. What I'm trying to say, Your Honor, perhaps very inelegantly, is that it's not enough simply to prove knowledge of the rule. We still had to prove that the defendant knew that violating that rule was wrong. And it's the fact that he got sued. It's the fact that the SEC sought penalties against him that foreclosed defenses of he knew about the rule, but he simply forgot about it. If he had been sued by the SEC, it is much more likely that he knew about the rule, he knew it was wrong, and he endeavored to follow the rule. I want to ask, just following up on Judge Kleinfeld's question, how we're supposed to weigh this. On the one hand, Judge Kleinfeld points out that there was perhaps some real prejudice that was visited upon this defendant by the way this was handled. On the other hand, one could argue that there's overwhelming evidence that the defendant did what the indictment accused him of doing. How are we to weigh that? On the one hand, you've got a harmless error analysis. Unless the prejudice was so large, loomed so large in the whole thing, that it's just simply an unfair trial and we've got to send it back. How do we weigh that? I think the Court needs to weigh that by simply looking at what was really at issue in the trial. In defense count, look, the government, as the Court has noted, the government still has to prove up every element, absent a stipulation that is read to the jury. But as an old chief, the government's not required to accept a stipulation, right? Exactly, Your Honor. But I'd like to address Your Honor's point by also pointing to defense counsel's opening statement. Excerpts of record, page 131. The issue really was Owens' credibility. And I think that's why this is a harmless error at the end of the day, if there was an error. Because if the jury believed Owens that this was a sham, that the consulting agreements were merely manufactured to cover people, then the jury convicted. I had the same thought, that it was really about Owens' credibility. And it looked kind of close. Because Owens, assuming everything the government proved is correct, Owens was about as much of a crook as the defendant. And it was just a question of who snitched out whom, so who would get the break. So it looks like it could go either way, and something that would be highly prejudicial in an unfair manner to the defendant could really matter a lot. I think at the end of the day, Your Honor, credibility decisions are left to the jury. I understand. Of course they are. But what bears on credibility is, well, a lot of cases you've got a big credibility issue and a photograph of something that's inconsistent with the questionable witnesses' testimony establishes that his credibility doesn't really matter so much. Here, you have a big credibility issue, and the prior SEC complaint suggests Owens' credibility doesn't matter so much. I notice my time's up. If Your Honors wouldn't mind, I'd like to respond to Judge Klein's question. Yeah, go ahead. I'd like to also point out that this evidence was largely duplicative of the SEC deposition transcript, which was admitted without objection. The SEC filings, which referenced the lawsuit. So I think Your Honor is focusing just on this SEC complaint, but not also focusing on the fact that the jury did hear and would have heard evidence that there had been a prior SEC action. And I would direct Your Honor's attention to Charlottesville 34. Well, it would have come in then that it had been dismissed and that there was no finding of wrongdoing. I'm sorry, Your Honor. I didn't quite hear you. What also would have come in was the fact that the defendant denied any wrongdoing and that the complaint was dismissed without any finding of any wrongdoing at all. So I don't see how it makes a big difference that this complaint came in. I would simply point to the large amount of evidence not only against the defendant, but also the fact that there was evidence of the SEC action separate and apart from the complaint. But you would agree that they should not have introduced that complaint? No, Your Honor. I believe that the complaint. It sounds like you're arguing harmless error. I am arguing harmless error in the alternative. I do believe that the complaint was proper. But even if the district judge made a mistake, I'd also like to note that this is not a misconduct issue. Judge Wright ruled that this could come in. The prosecutor followed the judge's ruling. So I am arguing that it was appropriate for the judge to make that ruling. But I am also arguing in response to some of Your Honor's questions that even if it was an error, it was a harmless error. Very good. Thank you, Your Honor. Any other questions from colleagues? Thank you very much. We'll give you a couple of minutes to respond. I think that's just about all I need. Judge Klineford, you asked for a cite. If you'll look at appellant's reply brief, pages 7 to 8, you'll see the two references in the transcript where a stipulation was discussed with citations to the record. Yes, I have. Okay. Second of all, the only other thing I really wanted to add, I think you're right, Judge Klineford, again, about the prejudice question. Because the government's whole case rested on Owens. And if all the government had, if all the defendant had to deal with was Evans' testimony was counterbalanced by evidence that there were bona fide services. So the jury had a balance. And you put on top of this this prior complaint which was treated clearly as if the defendants had done it before and they did it again. That's exactly what the prosecutor said. It allowed the prosecutor to argue to the jury that what the government said with this complaint is pay us for your deliberate violations of the law. That's saying they did it. Don't break the law anymore. That's saying they did it. Don't do this again. That's saying they did it. So the government got the court to agree to let this in on the issue. As the government said, they just wanted to make sure the defendants were aware of the rule, which sounds pretty benign. But that's not the way it played out. And I believe that was very, very prejudicial. This was a very short trial. I think there were only two days of testimony. The jury was out the entire day, third day. It started in the morning, came back very, very late in the afternoon. I don't remember the exact time. But this was not a slam dunk by any chance, by any ‑‑ I forgot the word I'm looking for. You know what I mean. Is there any other questions? Thank you both for your argument today. The case of United States v. Bailey is submitted. Thank you so much. Thank you. And we will next hear your argument in the case of Kiskela v. United States. We have some University of California at Irvine Law School students here who are arguing under the supervision of some pro bono counsel. We thank the pro bono counsel for efforts, and we look forward to hearing argument from these students. And when you come up, if you'll let us know how you're dividing your argument time, we'd
judges: Fletcher, Kleinfeld, Smith